**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| )<br>BRYAN M. ARMSTRONG )<br> )<br> )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>UNITED STATES POSTAL SERVICE )<br>and AMERICAN POSTAL WORKERS )<br>UNION, AFL-CIO )<br> )<br>Defendants. ) | Civil Action No. 13-CV-5160<br><br>District Judge Matthew F. Kennelly<br>Magistrate Judge Finnegan |

**BRIEF OF AMERICAN POSTAL WORKERS UNION IN SUPPORT OF ITS MOTION
TO DIMISS PLAINTIFF'S COMPLAINT**

Defendant American Postal Workers Union, AFL-CIO, ("APWU" or "National Union")

respectfully submits this memorandum in support of its motion to dismiss Plaintiff Bryan

Armstrong's complaint. The APWU contends that the complaint should be dismissed pursuant

to Fed. R. Civ. P. 12(b)(5) for insufficient service of process, and pursuant to Fed. R. Civ. P.

12(b)(6) for failure to state a claim upon which relief can be granted. Mr. Armstrong's

complaint has not been served on the APWU within the statutorily required 120 days after filing.

Additionally, Mr. Armstrong's complaint fails to allege any wrongdoing by the APWU.

Therefore, Mr. Armstrong's complaint against the National Union should be dismissed for

insufficient service of process and for failure to state a claim upon which relief can be granted.

**STANDARDS FOR MOTION TO DISMISS**

In order to survive a motion to dismiss, a complaint must plead facts to support a

1

plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___U.S.___,

129 S. Ct. 1937, 1949 (2009) quoting *Twombly*, 550 U.S. at 556. This plausibility standard "asks

for more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of

the line between possibility and plausibility of "entitlement to relief."'" *Id.* quoting *Twombly*,

550 U.S. at 557. A formulaic recitation of the elements of a cause of action are insufficient to

meet this standard and a court may disregard them. *Bissessur v. Indiana Univ. Bd. of Trustees*,

581 F.3d 599, 602 (7th Cir. 2009*), citing *Twombly*, 550 U.S. at 555.

Although a court must accept as true all factual allegations in a complaint, the Court is

not "bound to accept as true a legal conclusion couched as a factual allegation." "[W]here the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"

*Iqbal*, 129 S. Ct. at 1950 quoting FED. R. CIV. P. 8(a)(2). A plaintiff states a claim "only if he

alleges enough facts to render the claim not just conceivable, but facially plausible." *Tully v.

Barada*, 599 F.3d 591, 593 (7th Cir. 2010).

## FACTS

Mr. Armstrong was an employee of the United States Postal Service ("USPS") for

approximately 25 years. Plaintiff's Exhibit at 1. After his employment was terminated, Mr.

Armstrong filed a Complaint of Employment Discrimination against the USPS and the APWU.

Mr. Armstrong's Complaint was filed on September 10, 2013. Under Rule 4(m), Mr. Armstrong

was required to serve the National Union with a copy of the summons and complaint not later

than January 8, 2014.  Mr. Armstrong incorrectly served the Northwest Illinois Area Local, American Postal Workers Union, AFL-CIO ("NWIAL" or "Local"), an affiliated local of the APWU, on January 3, 2014.  To date, the National Union has not been served.

Mr. Armstrong's Complaint states on its face that "this is an action for employment discrimination." Complaint ¶ 1.  The Complaint identifies the USPS as Mr. Armstrong's former employer.  Complaint ¶ 3, 5.  Mr. Armstrong states that the USPS discriminated against him because of his age and race, and that the USPS retaliated against him because of actions he took to assert his rights under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act.  Complaint ¶ 9, 12.  Mr. Armstrong states that he has filed a charge with the Equal Employment Opportunity Commission against the USPS on July 10, 2013, though no such charge is attached to the complaint.  Complaint ¶ 7.1.  Mr. Armstrong does not allege that any such charge has been filed against the APWU.

## ARGUMENT

### I. MR. ARMSTRONG'S COMPLAINT WAS NOT SERVED ON AN OFFICER OR AGENT OF THE APWU, NOR DID MR. ARMSTRONG EFFECT TIMELY SERVICE OF THE COMPLAINT ON THE APWU.

#### a. Service on a labor organization requires that the complaint be served on an officer or agent of the APWU, which Mr. Armstrong has failed to do.

Under the Labor Management Relations Act, "the service of summons, subpoena, or other legal process of any court of the United States upon an officer or agent of a labor organization, in his capacity as such, shall constitute service upon the labor organization." 29 U.S.C.A. § 185 (West); *See, e.g.Int'l Longshoremen's &Warehousemens's Union v. Juneau Spruce Corp.*, 342 U.S. 237, 241 (1952); *Local Union 1219, United Bhd. of Carpenters & Joiners of Am. v. United Bhd. of Carpenters & Joiners of Am.*, 493 F.2d 93, 95 (1st Cir. 1974);

*Hess v. Great Atl. & Pac. Tea Co., Inc*., 520 F. Supp. 373, 377 (N.D. Ill. 1981). This mirrors the requirements of Fed. R. Civ. P. 4(h), mandating that service on an unincorporated association, such as a labor organization, may be made by delivering a copy of the complaint to an officer or agent authorized by appointment or by law to receive service of process.

Mr. Armstrong has only served the NWIAL, who is not a party in this case, and Mr. Armstrong has therefore failed to meet the requirements of Rule 4(h). The named defendants in this matter are only the United States Postal Service and the American Postal Workers Union, not the NWIAL. The case caption written by Mr. Armstrong in his complaint makes this quite clear. The National Union to date has not been properly served with a copy of the summons or complaint. Mr. Armstrong has failed to demonstrate that the National Union has been properly served.[1]Furthermore, under agency principles the NWIAL is not an agent of the National Union and service on the NWIAL does not constitute service upon the National Union.

It is well settled that a principal-agent relationship may not be inferred solely from affiliation between an international union and a local union. *See*, *United Mine Workers v. Coronado Coal Co.*, 259 U.S. 344, 395 (1922*); Coronado Coal Co. v. United Mine Workers*, 268 U.S. 295, 304-05 (1925); *Carbon Fuel Co. v. United Mine Workers*, 444 U.S. 212, 217 (1979); *Wentz v. Intern. Broth. of Elec. Workers,Local No. 1525*, 578 F.2d 1271, 1272 (8th Cir.), *cert. denied*, 439 U.S. 983 (1978). The test is the nature and extent of actual control by the international. *Shimman v. Frank*, 625 F.2d 80, 98 n. 36 (6th Cir. 1980). Courts have found no agency relationship between an international union and a local where the local union is solely or primarily responsible for the challenged activity. *Laughon v. Int'l Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists & Allied Crafts of the United States & Canada,*

---

[1] The returned Service of Process indicates that Dave Baskin was served with the summons and complaint. Plaintiff has not shown that Mr. Baskin is an officer or agent of the National Union. In fact, Mr. Baskin is an officer of only the NWIAL, not the National Union.

248 F.3d 931, 935 (9th Cir. 2001)(holding that there is no agency relationship between the an

international union and its affiliated unions and their officers); *Thorn v. Amalgamated Transit*

*Union*, 305 F.3d 826, 833 (8th Cir. 2002)

      Courts have repeatedly held that service on an autonomous local union does not

effectuate service on the national or international union with which it is affiliated. *See Morgan*

*Drive Away, Inc. v. Int'l Broth. of Teamsters, Chauffers, Warehousement& Helpers of America*,

268 F.2d 871 (7th Cir. 1959) (service of process on an agent of the local is not sufficient to

obtain service on the international); *Bacino v. Am. Fed'n of Musicians of U. S. & Canada*, 407 F.

Supp. 548, 553 (N.D. Ill. 1976); *Gray v. International Association of Heat & Frost Insulators &*

*Asbestos Workers*, 416 F.2d 313, 316 (6th Cir. 1969) (same); *Wentz v. Intern. Broth. Of Elec.*

*Workers*, 578 F.2d 1271, 1272 (8th Cir.), *cert. denied*, 439 U.S. 983 (1978). Additionally, the

APWU has been recognized as a "distinct entity" from its locals. *Harris v. Am. Postal Workers*

*Union*, 198 F.3d 245 (6th Cir. 1999). In a recent decision of the District of Nevada in *Garrity v.*

*APWU, AFL-CIO,* (D. NV. January 24, 2012), 2-11-cv-1110, dismissing the duty of fair

representation claims of a Postal employee against the APWU because although the National

Union was named as a defendant, all of the allegations concerned the local union, the Court

found that:

> "All claims against the National…are dismissed because no actionable conduct by
> the National has been alleged by the Plaintiff. Every factual allegation includes
> action taken or not taken by the Local or an agent of the Local. Furthermore, an
> International Union is not vicariously liable for conduct of a local simply by
> virtue of the local union's affiliation with it. *See Carbon Fuel Inc. v. United Mine*
> *Workers of American*, 444 U.S. 212 (1979). Article 16 Section 6(c) of the APWU
> constitution designates local unions chartered as subordinate bodies as 'fully
> autonomous.'

*Garrity v.* APWU at 4. Moreover, Mr. Armstrong has not alleged any facts to show that the

NWIAL is an agent of the National Union.As the Court stated in *Bacino*, "service of process on

the affiliate does not constitute service on the national unless the party asserting the agency

establishes that the affiliate does not have significant control over its own affairs." 407 F. Supp.

at 553 (N.D. Ill. 1976). Numerous other courts have recognized that the party asserting the

existence of an agency relationship bears the burden of showing it. *See Hofherr v. Dart*

*Industries, Inc.,* 853 F.2d 259, 262 (4th Cir.1988); *Kemether v. Pennsylvania Interscholastic*

*Athletic Ass'n, Inc.*, 15 F. Supp. 2d 740, 750 (E.D. Pa. 1998); *Baird v. Holway*, 539 F. Supp. 2d

79, 92 (D.D.C. 2008); *Proctor v. Metro. Money Store Corp.*, 579 F. Supp. 2d 724, 735 (D. Md.

2008).

       As the Court in *Garrity* held, the APWU is a distinct entity with no agency relationship

between it and the NWIAL, and the burden to establish such a relationship falls on the plaintiff

asserting an agency relationship.  Mr. Armstrong has failed to allege any facts which would

show an agency relationship between the National Union and NWIAL.  Because he has entirely

failed to meet this burden, the service on the agent of the local union cannot be found to be

acceptable service of process on the National Union.  Therefore, the service of process Mr.

Armstrong attempted to effectuate on the National Union by serving a local officer was

insufficient and the complaint should be dismissed.

       **b.  Mr. Armstrong has failed to timely serve the National Union and his**
           **complaint should be dismissed.**

       Mr. Armstrong's complaint should be dismissed because he has failed to serve the

National Union in accordance with the Federal Rules of Civil Procedure.  Rule 4(m) of the

Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 120 days

after the complaint is filed, the court– on motion or on its own after notice to the plaintiff– must

dismiss the action without prejudice against that defendant or order that service be made within a

specified time." The Rule further provides that "if the plaintiff shows good cause for the failure,

the court must extend the time for service for an appropriate period". In discussing this

provision of Rule 4, *Wright and Miller* states:

> ...numerous cases have been dismissed for noncompliance with the time requirement. As illustrated by the copious citations in the note below, federal courts have held that good cause has not been shown in a large number of cases and have rejected excuses based on a failure to receive a waiver of formal service, ignorance of the rule, the absence of prejudice to the defendant, office moves or personal problems, the belief that the time requirement was only technical, the filing of an amended complaint, inadvertence of counsel, or the expenditure of efforts that fall short of real diligence by the serving party.

*Wright v. Miller Federal Practice and Procedure Civil* 3d 1137 at 351. The Courts have

consistently placed a burden on plaintiffs to demonstrate good cause and have refused to grant

relief from the 120 service deadline for insubstantial grounds such as attorney confusion, lack of

knowledge of the rules, and absence of actual prejudice to the defendant. *See Jones v. Dovery*,

2008 WL 510820 (S.D. Cal. 2008)(pro se plaintiff's ignorance or confusion about service

requirements does not constitute good cause); *Campbell v. McMinn Cnty., Tenn.*, 1:10-CV-278,

2011 WL 5921431 (E.D. Tenn. Nov. 28, 2011)(failure to know rules does not constitute good

cause); *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.

1995)("absence of prejudice alone can never constitute good cause to excuse late service.")

The Court is only obligated to extend the time for service if good cause for failing to effect

timely service is shown. *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir.

1996); *Petrucelli v. Bohringer& Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995); *Espinoza v.*

*United States*, 52 F.3d 838, 841 (10th Cir. 1995).

Good cause exists if the plaintiff can point to a "valid reason" for the untimely service.

*Coleman v. Milwaukee Bd. of Sch. Dirs*., 290 F.3d 932, 934 (7th Cir.2002). In meeting the

burden to show good cause, the plaintiff must show, at a minimum, "reasonable diligence" in his

efforts to serve the defendant. *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir.1993); *See*

*alsoChico v. Miller*, 2005 WL 2664586 *5(N.D. Il 2005)("Good cause means a justifiable reason for delay, usually something out of plaintiff's control like a defendant who evades service"). Moreover, the fact that Mr. Armstrong waited until nearly the end of the 120 day period for service, only to serve the incorrect party, does not excuse the failure to timely serve the National Union. "Last minute attempts at service, absent some explanatory justification, do not establish good cause," to avoid dismissal under Rule 4(m*). McIsaac v. Ford*, 193 F. Supp. 2d 382, 383 (D. Mass. 2002) See, e.g., *Sullivan v. Mitchell*, 151 F.R.D. 331, 333 (D.C.Ill.1993) (no good cause shown where "[p]laintiff gave no thought to personal service until a few days before the expiration of the 120 day period .... [and] failed to move for a Rule 6(b) extension of time to enlarge the period for service either prior or subsequent to the 120 day period."); *Cox v. Arizona League of Professional Baseball Clubs, Inc.*, 151 F.R.D. 436, 438 (M.D.Fla.1993) (no good cause shown where "[p]laintiff[ ] continual[ly] delay[ed] to take active steps toward obtaining proper service, until literally 'the eleventh hour.' "). Mr. Armstrong's Complaint was filed on September 10, 2013 and yet attempted service was not made on the NWIAL until January 3, 2014, less than one week before the expiration of the 120 period for service. Mr. Armstrong has failed to show good cause for his failure to serve the APWU and his complaint should therefore be dismissed.

Though Plaintiff is pro se, proceeding without counsel "does not give the pro se litigant the discretion to choose which of the court's rules and orders it will follow…Pro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines." *Downs v. Westphal*, 78 F.3d 1252, 1257 *opinion amended on denial of reh'g,* 87 F.3d 202 (7th Cir. 1996) *citing Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary

civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Indeed, this Court has dismissed a pro se complaint for insufficient service of process when the plaintiff served the defendant in a manner not in accordance with the Rules. *Dunmars v. City of Chicago*, 22 F. Supp. 2d 777, 781 (N.D. Ill. 1998). The Court did so even though the defendant nonetheless had actual knowledge of the suit, noting that "actual knowledge of the suit, however, will not cure defective service." *Id.* citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir.1991).

Mr. Armstrong has failed to effectuate service of process on the APWU in accordance with the Federal Rules of Civil Procedure. Based on the established precedents of this Circuit and the requirements of the Federal Rules, Mr. Armstrong's complaint should be dismissed for insufficient service of process.

## II. MR. ARMSTRONG'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

### a. Mr. Armstrong has failed to exhaust his administrative remedies and his complaint should therefore be dismissed.

Plaintiff's Title VII and ADEA claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. An individual must first exhaust his or her administrative remedies before proceeding to Federal Court with a claim under Title VII, 42 U.S.C. §§ 2000 et seq. Exhaustion of administrative remedies requires filing a charge of discrimination with the EEOC. *See, e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, (1973); *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n. 4 (1977); *Washington v. Wash. Metro. Area Transit Auth.*, 160 F.3d 750, 752 (D.C.Cir.1998) ("Before ... suing under either the ADEA or Title VII, an aggrieved party must exhaust his administrative remedies...."); *McKeithan v. Boarman*, 803 F.Supp.2d 63, n. 3 (D.D.C.2011); *see also* 29 U.S.C. § 626(d)(1);

42 U.S.C. § 2000e–5(f)(1). Proof of such exhaustion comes in the form of a right-to-sue letter

from the EEOC. 42 U.S.C. § 2000e–5(f)(1).*Conner v. Illinois Dep't of Natural Res.*, 413 F.3d

675, 680 (7th Cir. 2005); *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). Here,

Mr. Armstrong states that he has filed a charge against the USPS asserting discrimination based

on age and race with the EEOC on July 10, 2013. Complaint ¶ 7.1. However, no such charge is

attached to the Complaint. Moreover, Mr. Armstrong does not even state that he filed any EEOC

charges against the APWU and no such charge or right to sue letter is included with Mr.

Armstrong's Complaint.

Plaintiff's failure to exhaust his administrative remedies prior to instituting a civil action

against the National Union is not simply a procedural technicality. There are two primary goals

in requiring a defendant to first be named in an EEOC charge: "[f]irst, the charge serves to notify

the defendant of the discrimination claim alleged against him…Second, by naming the charged

party and bringing him before the EEOC, that person is able to participate in conciliation efforts

directed at securing voluntary compliance with the Act." *Romain v. Kurek*, 836 F.2d 241 (6th

Cir. 1987)(citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 6567 F.2d

890, 905 (7th Cir. 1981) *cert. denied sub nom. Chicago Journeymen Plumbers' Local Union No.

130 v. Plummer,* 455 U.S. 1017 (1982). Plaintiff's failure to file a charge against the National

Union prevented the National Union from receiving notice of the dispute, and deprived it of an

opportunity to resolve the dispute through EEOC's conciliation process. Therefore, the APWU

submits that his complaint should be dismissed.

In the instant matter, Mr. Armstrong does not allege that any charge was ever filed with

the EEOC to put the National Union on notice. Without first bringing his discrimination claims

against the National Union to the EEOC, Mr. Armstrong is barred from bringing his

discrimination claims against the National Union to this Court.  Filing a charge with EEOC is a

necessary prerequisite before bringing a discrimination charge under Title VII or ADEA.

*McCauley v. Akal Sec., Inc.*, 833 F. Supp. 2d 864, 868 (N.D. Ill. 2011); *Sauzek v. Exxon Coal*

*USA, Inc.*, 202 F.3d 913, 920 (7th Cir. 2000).  Consequently, the Title VII and ADEA claims

must be dismissed.

### b.  Mr. Armstrong's complaint fails to state a claim against the APWU under either Title VII or the ADEA.

Mr. Armstrong's complaint fails to state a claim against the APWU upon which relief can

be granted.  Although the APWU is named by the Plaintiff in the case caption, no actions or

inactions by the APWU are alleged anywhere in the Complaint.  Indeed, the APWU's name does

not appear anywhere else in the body of the Complaint outside of the case caption.  The Union is

only mentioned in plaintiff's exhibits, including a Postal Service form for Pre-Complaint

Counseling and his handwritten attachment thereto, where he alleges that "Management and the

Union violated my due process when they discussed settlement agreements and also allow other

employees last chance agreement when I was not give the same consideration"  and that

"Management and the Union has [sic] fired more African-Americans than other employees."

Exhibit Form 2564-A at 1- 2.  Plaintiff also states that "there are similar situated employees that

was retained by this Arbitrator and Management along with the Union when I was terminated."

Exhibit Form 2564-A at 2.  Though labor organizations can be liable under both Title VII and the

ADEA, Mr. Armstrong has failed to state a valid claim against the APWU under either of these

statutes.

These assertions do not amount to a Title VII or an ADEA claim against the Union.  The

claim that the Union allegedly violated Mr. Armstrong's due process rights is not tied to his Title

VII or ADEA claims and it is unclear to the National Union how Mr. Armstrong believes the

National Union violated his due process rights. Although Mr. Armstrong does allege that there were similarly situated employees of the USPS that were retained by Management, again, it is unclear how Mr. Armstrong believes that the National Union is liable or responsible for Management decisions regarding which employees it will retain. Similarly, the allegation that "Management and the Union have fired more African-Americans than other employees," confuses the role of the APWU with that of the employer. The National Union of course does not concede that it has fired more African-American employees than employees of other races, but that issue is not relevant to Mr. Armstrong's Title VII claim because he was not an employee of the APWU. Mr. Armstrong does not state in his Complaint that he is an employee of the APWU, nor does he allege that the APWU terminated him. Mr. Armstrong has not alleged that the APWU somehow conspired with the USPS against him. If his Complaint is indeed attempting to allege a conspiracy between the APWU and the USPS, his Complaint lacks the requisite specificity for such claims. In *Cooney v. Rossiter,* the Seventh Circuit held that a complaint that is "bereft of any suggestion, beyond a bare conclusion" that the defendants conspired against the plaintiff is "not enough." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009); *Winchester v. Marketti*, 11 CV 9224, 2012 WL 2076375 (N.D. Ill. June 8, 2012)("Where a vast, encompassing conspiracy is alleged, the plaintiff must meet a high standard of plausibility.")

A complaint must give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) citing *Twombly* 550 U.S. at 544. Mr. Armstrong's complaint does not provide fair notice to the APWU of what the claims against it are and the complaint should therefore be dismissed.

Lastly, Mr. Armstrong seeks a remedy that the National Union cannot provide:

12

reinstatement to his previous position with the USPS. The National Union has no control over the hiring and firing decisions of the USPS and would be incapable of providing the relief that plaintiff seeks.

## Conclusion

For the reasons stated above, the APWU respectfully submits that Mr. Armstrong's complaint should be dismissed for insufficient service of process and for failure to state a claim upon which relief can be granted.


Date: January 24, 2014

<div style="margin-left: 40%">

\_\_/s/ Richard S. Edelman_____
Richard S. Edelman
O'Donnell, Schwartz and Anderson, P.C.
1300 L Street NW, Suite 1200
Washington, DC 20005
Telephone: (202) 898-1707
Facisimile: (202) 682-9276
E-mail: Redelman@odsalaw.com

\_\_/s/ Kelly Beck_____
Kelly Beck
O'Donnell, Schwartz and Anderson, P.C.
1300 L Street NW, Suite 1200
Washington, DC 20005
Telephone: (202) 898-1707
Facsimile: (202) 682-9276
E-mail: KBeck@odsalaw.com

\_\_/s/ William L. Phillips_____
William Liasson Phillips
33 N. LaSalle St. #2100
Chicago, IL 60602
Telephone: (847) 644-1901
E-mail: bill@wlphillips.com

*Counsel for American Postal Workers Union, AFL-CIO*

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2014, a copy of the foregoing Memorandum of Law was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this document through the Court's system.  In addition, I served a copy on Bryan M. Armstrong, 3216 W. Fulton St. 2nd Flr. Chicago, IL 60624, by U.S. Mail.

<u>s/ William L. Phillips</u>